**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

Sept. 28, 2022

Magistrate Judge Ramon E. Reyes, Jr
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *United States v. Kara Sternquist*, 22- MJ-01005

Dear Judge Reyes:

  Kara Sternquist is currently hospitalized ███████████████████████████████████████████████████████████ Despite this, Ms. Sternquist is shackled to her bed at the hospital. I am writing to respectfully request that she be released on bond and request a bail hearing tomorrow.[1]

  This is Ms. Sternquist's first bail application. Ms. Sternquist was arrested on September 15, 2022, and charged with one count of possessing fraudulent badges and credentials for federal law enforcement agencies in violation of 18 U.S.C. § 1017. At her arraignment, however, Ms. Sternquist's retained lawyer made no bail application and, a week later, asked to be relieved as counsel due to Ms. Sternquist's lack of funds. The Federal Defenders were appointed to represent Ms. Sternquist on September 21 and Judge Bulsara issued orders for MDC to house Ms. Sternquist in the women's unit and to be seen by a medical doctor by September 23.

---

[1] Counsel will make every effort to have Ms. Sternquist appear in Court remotely. However, counsel also has her consent to waive her appearance at the hearing in the event she is unable to appear by phone due to her medical condition.

1

We now propose a bond secured by two sureties:

- Giacinta Pace: Ms. Sternquist's ex-wife and close friend. Ms. Pace works as a personal assistant and makes approximately ■■■ a year. She has known Ms. Sternquist for approximately 8 years. Her address is: ■■■

- Hannah Elyse Simpson: Ms. Sternquist's close friend. They have known each other about six years. She currently makes approximately ■■■ a month working as a patient care technician ■■■ and also doing side jobs as a freelance writer and Etsy shop owner. She previously worked as a COVID contact tracer for New York City making approximately ■■■ in 2021. She lives at ■■■.

When Ms. Sternquist is discharged from the hospital, we propose that she live with Moira Meltzer-Cohen, at ■■■. Moira Meltzer-Cohen is a lawyer and a member of the bar of the Eastern District of New York. Moira Meltzer-Cohen had been assisting Ms. Sternquist in moving her housing from the men's unit at the MDC. Moira Meltzer-Cohen's partner is a nurse at NYU Langone. Together they will be well equipped to assist Ms. Sternquist after her release from the hospital.[2]

The government has had a chance to speak to all three people.

<u>Ms. Sternquist has serious medical problems that have not been adequately addressed at the MDC.</u>



---

[2] Additionally, Ms. Sternquist is a U.S. Navy Veteran, so Federal Defenders social work staff have reached out to Veteran's Affairs to assess the additional services they can provide.



It is not yet known how long she will need to remain hospitalized, but what is known is she is a person who needs significant and on-going medical services. MDC

---

[3] Although Judge Bulsara ordered that she be seen by a medical doctor by September 23, she was not seen until September 26, 2022.

has already demonstrated that they are unable to meet her needs ████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

### The government cannot meet its burden to support continued detention

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). It is the government's burden to, first, show that there is a serious risk of flight or of danger and, second, that there are no conditions that could reasonably mitigate any risks. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (Bail Reform Act "generally favors bail release, the government carries a dual burden in seeking pre-trial detention"). It cannot meet either burden. Ms. Sternquist is not a risk of flight or danger: she has lived in New York City for the past approximately 12 years and she is charged with a crime with a five-year maximum. While the complaint alleges that the government also found gun parts in the apartment that it states Ms. Sternquist lived in, Ms. Sternquist is 38 years old with no record of violence. The Court has many conditions available that could reduce any potential risks, including the bond and living conditions proposed by Ms. Sternquist, as well as restrictions on Ms. Sternquist's movements if the Court deems them necessary.

Ms. Sternquist is partially paralyzed and currently in the hospital due to inadequate medical care while incarcerated. She has two strong suretors and a proposed home with a lawyer from our district. She should be released.

Sincerely,

/s/
Allegra Glashausser
Assistant Federal Defender