

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FTB
F. #2022R00795

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 2, 2022

<u>By Hand Delivery and ECF</u>

Allegra Glashausser, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

    Re: <u>United States v. Kara Sternquist</u>
       <u>Criminal Docket No. 22-473 (DLI)</u>

Dear Allegra:

  Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I. <u>The Government's Discovery</u>

  A. <u>Statements of the Defendant</u>

  The defendant did not make any post-arrest statements.

  B. <u>The Defendant's Criminal History</u>

  Documents reflecting the defendant's criminal history are enclosed with the production and Bates labeled STERNQUIST0000000001 to STERNQUIST0000000087.

  C. <u>Documents and Tangible Objects</u>

  The production includes copies of documents, records, and photographs, including the following:

- Records of various seizures made by U.S. Customs and Border Protection, which have been Bates labeled STERNQUIST0000000088 to STERNQUIST0000000135;

- The results of certain queries of the National Firearms Registration and Transfer Record, which are Bates labeled STERNQUIST0000000136 to STERNQUIST0000000139;

- Various records and documents provided to the government by third parties, including Arms Unlimited, AT&T, Dead Foot Arms, Lone Wolf Arms, Omaha Outdoors, PayPay, and Sally's Cop Shop – the documents have been Bates labeled STERNQUIST0000000233 to STERNQUIST0000006120;

- An application in support of a search warrant for certain gmail accounts, which is Bates labeled STERNQUIST0000000201 to STERNQUIST0000000232; and

- An application in support of search warrants for the defendant's residence and person, which is Bates labeled STERNQUIST0000000140 to STERNQUIST0000000171.

An inventory of the various items seized during the execution of the warrants for the defendant's residence and person is included in the production at the documents Bates labeled STERNQUIST0000000181 to STERNQUIST0000000193 and STERNQUIST0000000196 to STERNQUIST0000000198; and sketches of the residence and photographs taken during the execution of the warrant there are also included and Bates labeled STERNQUIST0000000194 to STERNQUIST0000000195 and STERNQUIST0000000172 to STERNQUIST0000000180. In addition to the physical items recovered during the course of the searches, the government also seized certain electronic devices as identified in the inventory documents, including 3 computers or tablets, 13 cellular/smart telephones; and 7 hard drives. The government is in the process of preparing forensic images of the contents of these devices for your review and will produce them to you on a rolling basis. The government will also produce in electronic form the material provided by Google LLC in response to the gmail search warrant identified above. In the meantime, you may examine the physical evidence discoverable under Rule 16, including original documents and items seized during the execution of the warrants, by calling the undersigned Assistant U.S. Attorneys to arrange a mutually convenient time.

D.    Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E.    Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify that the firearm identified in the indictment qualifies as a firearm under the relevant statutory provisions and bears a sufficient nexus to interstate commerce to establish criminal liability.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.      <u>Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility</u>

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by November 17, 2022. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.      <u>Future Discussions</u>

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact the undersigned Assistant U.S. Attorneys.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

    Very truly yours,

    BREON PEACE
    United States Attorney

By:    /s/ F. Turner Buford
    F. Turner Buford
    Andy Palacio
    Assistant U.S. Attorneys
    (718) 254-7000

Enclosures

cc:    Clerk of the Court (DLI) (by ECF) (without enclosures)