

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FTB:AFP
F. #2022R00795

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 9, 2022

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

        Re:    United States v. Kara Sternquist
                <u>Criminal Docket No. 22-473 (DLI)</u>

Dear Judge Irizarry:

        The government respectfully submits this response to the defendant's motion for an order directing the U.S. Bureau of Prisons ("BOP") to change the defendant's "gender marker" to female.  (ECF No. 48).  For the reasons set forth below, the government respectfully submits that the defendant's request should be denied.

        The BOP has issued a Program Statement entitled the "Transgender Offender Manual" that sets forth BOP policies and procedures for addressing a number of issues related to the incarceration of transgender inmates (the "Transgender Manual").  <u>See</u> BOP Program Statement No. 5200.08, January 13, 2022, <u>available at</u> https://www.bop.gov/policy/progstat/5200-08-cn-1.pdf.  The Transgender Manual is governed by, and incorporates certain aspects of, federal regulations implemented pursuant to the Prison Rape Elimination Act of 2003.  <u>See</u> 28 C.F.R. § 115.42.  Among other things, the Transgender Manual addresses intake screening procedures for transgender inmates.  <u>See</u> Transgender Manual § 7.

        Per the Transgender Manual, if an inmate identifies as transgender during intake, or at any time during the incarceration period, then the inmate is referred to the facility's Chief Psychologist and should receive a screening code through a Case-Management-Activity-entry in the inmate's SENTRY file (SENTRY is the BOP's primary database for collecting, maintaining and tracking inmate information, including location, medical history, and other data).  <u>See</u> Transgender Manual § 7.b.  After a consultation with Psychology Services, and assuming the inmate affirms his or her transgender identity and consents to being identified as such by BOP staff, the screening code is updated to a

permanent assignment of either of two codes: "TRN M2F – inmate identifies as male to female transgender (transgender female)" or "TRN F2M – inmate identifies as female to male transgender (transgender male)." See id. at § 7.c. Again, this is accomplished by way of a Case-Management-Entry in the inmate's SENTRY file. See id. The Transgender Manual directs that BOP "[s]taff should consult the transgender [Case Management Activity] assignment when interacting with the inmate; e.g., use of pronouns and access to accommodations." Id.

In this case, the government understands that the defendant's SENTRY file was updated with a Case-Management-Activity entry on September 26, 2022 that reflected the assignment of the "TRN M2F" code. This was the same day that the defendant was hospitalized at the Brooklyn Hospital Center. Assignment of this code permits the defendant (while at the Metropolitan Detention Center) to have access to additional commissary items for transgender inmates, among other accommodations and services. See Transgender Manual at § 15. The Transgender Manual also includes sections relating to the provision of hormone therapy and medical treatment, mental health services, and, in some cases, surgical services for transgender inmates. See id. at §§ 8-10.

Because the assignment of the transgender code takes the form of a Case-Management-Activity entry, it does not have the effect of changing an inmate's top-line gender classification in the SENTRY database. Because the BOP's outward-facing resources (like the inmate-locator website) do not reflect Case-Management-Activity entries in SENTRY, the defendant's gender is listed as "M," notwithstanding the inmate's transgender identity. Under BOP's current policies and procedures, it is not possible to enter a transgender code in the gender section of an inmate's SENTRY file (the government understands that the only options are "M" or "F" for this particular entry), and the Transgender Manual does not address this particular issue. The Transgender Manual does describe the procedures by which inmates are designated to particular facilities, including the factors considered where a transfer request is related to "progressing the individual inmate's transition (i.e., transfer to a different sex facility)" – processes that require consultation with the BOP's Transgender Executive Council, which was described in the government's September 26, 2022 submission (ECF No. 17 at 2-4). Per federal regulations, "[i]n deciding whether to assign a transgender . . . inmate to a facility for male or female inmates . . . the agency shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems." See 28 C.F.R. § 115.42.

Under these circumstances, the government respectfully submits that it is neither necessary nor appropriate for the Court to order BOP to change the defendant's top-line gender classification in SENTRY. BOP has complied with its own carefully constructed internal policies and procedures regarding the defendant's transgender identity, and more is not required. Cf. Turner v. Safley, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed

2

to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint."). The defendant acknowledges that she is receiving all appropriate medical care at the Brooklyn Hospital Center. To the extent the defendant is being misgendered in violation of BOP policy, the Transgender Manual provides for administrative remedies for such violations. See Transgender Manual § 17. The government will separately undertake to re-advise any Department of Justice personnel in communication with the defendant at the Brooklyn Hospital Center to respect her gender identity. Accordingly, the government respectfully requests that the Court deny the defendant's application.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:    /s/ F. Turner Buford
       F. Turner Buford
       Andy Palacio
       Assistant U.S. Attorneys
       (718) 254-7000

cc:    Allegra Glashausser, Esq. (by ECF and E-mail)