

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FTB:AP
F. #2022R00795

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 16, 2022

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Kara Sternquist
     <u>Criminal Docket No. 22-473 (DLI)</u>

Dear Judge Irizarry:

  The government respectfully submits this letter in response to the Court's request for an update on the measures in place to secure the defendant at the nursing and rehabilitation center where she is presently housed. Since the last court date, the government conferred with the United States Marshal Service ("USMS") to discuss the current state of restraints used on the defendant and the possibility of using an alternative form of restraints.

  According to the USMS, the defendant is secured through the use of metal bracelets loosely cuffed around the defendant's ankles and linked together by a chain. Neither the defendant's wrists nor arms are restrained in any way. The ankle bracelets are loosely fitted to allow for proper circulation of blood and as much comfort as possible under the circumstances. The chain linking the ankle bracelets is itself attached to another chain that is affixed to the defendant's bed. This chain is approximately six feet in length. As the defendant starts to regain mobility, this chain will allow the defendant the ability to get out of bed, walk a short distance around her bed, and even to do light exercise while ensuring the security and safety of the marshals' personnel assigned to watch the defendant.

  Additionally, according to the USMS, the only form of restraints available to them to adequately safeguard the defendant are the ones described above. Alternative forms of restraints such as cloth or plastic present security risks for the USMS because, unlike metal, those materials can be cut or manipulated. Naturally, security is a primary concern for the USMS, particularly in a private medical facility where they do not have the same security infrastructure that exists at an institutional facility.

The government can provide any additional information that would be helpful to the Court in this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ F. Turner Buford
F. Turner Buford
Andy Palacio
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (by ECF)
       Counsel for the defendant (by email)