

U.S. Department of Justice

United States Attorney
Eastern District of New York

FTB:AFP

271 Cadman Plaza East
Brooklyn, New York 11201

June 12, 2023

By E-mail and ECF

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Kara Sternquist
                Criminal Docket No. 22-473 (DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in response to the defendant Kara Sternquist's motion for temporary release from pretrial custody to permit the defendant to attend her grandmother's memorial service in Florida on June 24, 2023. While acknowledging the magnitude of the defendant's loss, the government cannot consent to interstate travel through at least one international airport, given the circumstances of the case. As multiple judges, including this Court, have found, the defendant poses a danger to the community and presents a serious risk of flight. As such, the government respectfully submits that the defendant's request should be denied.

      In response to the defendant's renewed application for release on bond in November 2022, this Court endorsed the prior findings of Judge Komittee that the pretrial release of the defendant would present a danger to the community and the risk of the defendant's flight. (Nov. 22, 2022 Hr. Tr. at 43). This Court's conclusions were amply justified by the evidence recovered during the search of the defendant's apartment, which included multiple functioning firearms, as well as other firearms in various stages of construction,[1] and multiple false identification documents, including fraudulent law

---

[1] As the defendant's motion acknowledges, technical examiners at the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives have concluded that one of the recovered firearms satisfies the statutory definition of a "machine gun," meaning it is weapon which shoots automatically more than one shot, without manual reloading, by a single function of the trigger.

enforcement credentials featuring the defendant's name and likeness. The Court also observed that the evidence indicated that the defendant had been in communication with at least one other person who had helped her acquire component parts for firearms illegally and had made references to other individuals who may have been prepared to offer similar assistance. (Id. at 29-31).

The Court also noted – as had Judge Komittee – that the defendant not only had prior felony convictions, but had also twice been imprisoned for violations of supervised release and is alleged to have committed the instant offenses while on pretrial release in a criminal case brought in New York State court. (Nov. 22, 2022 Hr. Tr. at 26-27, 42). It should also be noted that since the Court's ruling on the prior application for bond, the defendant's visitation privileges at the rehabilitation facility where she is presently housed were suspended by the U.S. Marshals based on, among other things, the defendant's evidently concealing shards of an aluminum can with sharp edges among her personal effects. Those privileges have since been reinstated, but the incident has done little to diminish the security concerns relating to the defendant.

The proposed release contemplates the defendant's being able to travel to Florida through multiple airports (at least one of which would be international) under the supervision of only her ex-wife (the "Custodian"). Given the defendant's evident ability to either create or otherwise acquire fraudulent identification and her possession of numerous credit cards in the names of other individuals, the government submits that the risk that the defendant may use a phony identity to board a flight bound for an unapproved destination is simply too great. Frankly, there is little in the current proposal that would prevent the defendant from simply boarding an international flight in her own name using a counterfeit identification document.[2] Similarly, the defendant may try to remain in Florida, using a fraudulent identity to conceal her whereabouts or to secure alternative means of transportation (like a rented car) to evade detection by law enforcement.

In addition, the evidence suggests that the Custodian may have visited the defendant at the defendant's apartment during a time when the defendant was engaging in criminal activity. Among the items observed during the search of the defendant's apartment was at least one piece of correspondence addressed to the Custodian at the address of the defendant's apartment, even though the government understands that the Custodian had not resided at the apartment for approximately two years before the defendant's arrest. As noted at the initial bail hearing before the Honorable Ramon E. Reyes, Jr., when the government

---

[2] As noted in the government's September 29, 2022 opposition to the defendant's bail request (ECF No. 26 at 6), federal agents seized approximately 15 passports for various individuals (not the defendant) purported to have been issued by multiple different countries, including the United States. Aside from those passports, agents also recovered "blank" foreign passports for multiple countries that contained no biographical information. This evidence strongly suggests the defendant was engaged in the creation of fake passports prior to her arrest.

questioned the Custodian concerning her suitability as a potential suretor, the government inquired as to how recently the Custodian had visited the defendant at the apartment. (Sep. 29, 2022 Hr. Tr. at 11-12). Defense counsel requested that the Custodian not answer the government's questions regarding her knowledge of the apartment and its contents, and the Custodian complied with that request, declining to speak with the government concerning those issues. (Id.).

The government's concern with the Custodian as a potential suretor was that she may be a witness in some capacity in the underlying criminal case. The government has a similar concern with the role being proposed now for the Custodian. As the defendant's request indicates, the state of the apartment when it was searched by federal agents strongly suggests that any visitor to the apartment would have been in a position to observe the later recovered firearms in their various stages of construction, as well as the fraudulent law enforcement badges and credentials – many of which were strewn about the apartment in plain sight. To the extent the Custodian observed the firearms and identifications prior to the defendant's arrest, the government is concerned that the Custodian may have, at a minimum, tolerated the defendant's intention to stockpile weaponry and fraudulent credentials – a fact that would make her singularly unsuitable as a Custodian here, given the stakes.

The cases cited by the defendant in her request all involved situations in which the relevant memorial services were here in the greater New York City or Tri-State area and did not involve interstate air travel. With great respect for the defendant's loss, the government cannot consent to the proposed travel here, given the circumstances of the case. For the reasons stated above, the government respectfully submits that the application should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
F. Turner Buford
Andy Palacio
Assistant U.S. Attorneys
(718) 254-6483

cc:   Allegra Glashausser, Esq. (by ECF and E-mail)

3